**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TIMOTHY SEAN NEAL,<br><br>    Defendant. | No. CR08-3025-MWB<br><br>**ORDER REGARDING DEFENDANT'S *PRO SE* MOTION FOR INTERRUPTION OF SENTENCE** |

_____

    On March 10, 2009, defendant Timothy Sean Neal was sentenced to 144 months incarceration after pleading guilty to a charge of conspiring to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 851. He is currently incarcerated at FPC Yankton, Yankton, South Dakota. This case is before the court on defendant Neal's *pro se* Motion For Interruption of Sentence pursuant to 18 U.S.C. § 3622 (Dkt. No. 34). In his motion, defendant Neal requests that the court order his temporary release from incarceration for a period of three days in order to attend his brother's funeral in Denver, Colorado.

    Congress has committed the decision to grant a furlough to a federal prisoner to the discretion of the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3622.[1]

---

[1] Section 3622 provides that:

> The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2), if

(continued…)

[1](...continued)
such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to--

(a) visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of--

(1) visiting a relative who is dying;
(2) attending a funeral of a relative;
(3) obtaining medical treatment not otherwise available;
(4) contacting a prospective employer;
(5) establishing or reestablishing family or community ties; or
(6) engaging in any other significant activity consistent with the public interest;

(b) participate in a training or educational program in the community while continuing in official detention at the prison facility; or

(c) work at paid employment in the community while continuing in official detention at the penal or correctional facility if--

(1) the rates of pay and other conditions of employment will not be less than those paid or provided for work of a similar nature in the community; and
(2) the prisoner agrees to pay to the Bureau such costs incident to official detention as the Bureau finds appropriate and reasonable under all the

(continued...)

Thus, only the BOP has authority to grant defendant Neal the relief he seeks with his motion. *See United States v. Premachandra*, 78 F.3d 589, 589 (8th Cir. 1996) (holding that § 3622 vests authority to grant furloughs with the BOP, "not the federal courts."). Therefore, defendant Neal's *pro se* Motion For Interruption of Sentence pursuant to 18 U.S.C. § 3622 is denied.

**IT IS SO ORDERED.**

**DATED** this 7th day of April, 2011.

                                                                              _____
                                                                              MARK W. BENNETT
                                                                              U. S. DISTRICT COURT JUDGE
                                                                              NORTHERN DISTRICT OF IOWA

---

[1](...continued)
circumstances, such costs to be collected by the Bureau and deposited in the Treasury to the credit of the appropriation available for such costs at the time such collections are made.

18 U.S.C. § 3622.